NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH A. WADE,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2329

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1450, Senior Judge Alan G. Lance, Sr.

---

Decided: August 20, 2018

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER; AMANDA BLACKMON,

BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

─────────────────────

Before PROST, *Chief Judge,* WALLACH and HUGHES,
*Circuit Judges.*

PROST, *Chief Judge.*

Appellant Joseph A. Wade appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying entitlement to a total disability rating based on individual unemployability ("TDIU").

Mr. Wade argues that the Veterans Court misinterpreted 38 C.F.R. § 4.16(a). Section 4.16(a) provides the standard for granting TDIU and states that a total disability rating may be assigned where the scheduled rating is less than 100% and the veteran is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities," provided the veteran's disability rating satisfies certain percentage threshold requirements. 38 C.F.R. § 4.16(a).

Mr. Wade argues that the Veterans Court misinterpreted § 4.16(a) by considering evidence of whether he could perform sedentary work. In reviewing the Board's decision, the Veterans Court considered the Board's reliance on medical opinions that Mr. Wade was "able to seek and maintain substantially gainful sedentary-type employment, based on the data from his history and mental status examination." J.A. 2 (quoting J.A. 98). The Board also relied on Mr. Wade's thirty years of work history and his educational background, including the fact that he had obtained a GED. J.A. 98–99; *see* J.A. 3 (Veterans Court noting that "[t]he Board repeatedly acknowledged that [Mr. Wade] obtained his GED and worked in a steel mill for 30 years before it found that the evidence does not reveal 'an inability to obtain and retain substan-

tially gainful employment consistent with his education and history.'" (quoting J.A. 99)).

This court's jurisdiction to review Veterans Court decisions is limited. We may review "the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Absent a constitutional issue, however, we may not review the Veterans Court's factual findings or its application of law to facts. *Id.* § 7292(d); *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

Although Mr. Wade frames his appeal as one concerning the proper legal interpretation of 38 C.F.R. § 4.16(a), his argument is really about the Board's factual determinations and the sufficiency of the evidence leading to the Board's TDIU decision—as well as the Veterans Court's review of that decision. Such issues are beyond this court's limited jurisdiction over Veterans Court decisions. We therefore dismiss this appeal for lack of jurisdiction.

## DISMISSED

### COSTS

The parties shall bear their own costs.